# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANNY HORN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00495 |
| ) | JUDGE CRENSHAW |
| STATE OF TENNESSEE, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court has before it a *pro se* prisoner Complaint of Danny Horn (Doc. No. 1) under 42 U.S.C. § 1983 and an Application to proceed in forma pauperis (Doc. No. 2).

The Plaintiff is an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. It appears from his Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

According to the Complaint and its attachments, the Plaintiff is bringing this action against the State of Tennessee; Mike Reece, Sheriff of Johnson County, Tennessee; Tony Clark, District Attorney General for Johnson County; the Johnson County Sheriff's Department and two members of that agency (Lisa Stout and Shawn Brown); three residents of Bristol, Tennessee (Heather Shumate, her father Richard and Margaret Lyon); and Sandra Billings, Heather Shumate's aunt. (Doc. No. 1 at pgs. 5 and 9).

The Plaintiff is seeking "post-conviction relief and habeas corpus" (*Id.* at pg. 8) for state cases that are only identified by the case numbers "RE : E2015-00715-CCA" and "R3-CD-13 CR 181". (*Id.* at pg. 7). He claims ineffective assistance of counsel (*Id.* at pg. 5) and asks "For the State to provide evidence for Heather Shumate to tell who Larry is. And the court used my past and I don't get a fair trial, and to give me Attorney to help me with my case." (*Id.* at pg. 6).

Venue for the instant case is governed by 28 U.S.C. § 1391(b). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the

time that the action is commenced, if there is no district in which the action may otherwise be brought.

The defendants reside in either Johnson or Sullivan counties.[1] These counties lie within the Northeastern Division of the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a)(2). Plaintiff makes no allegations of anything that occurred in this district. Indeed, the Complaint suggest that the cases for which he is seeking "post-conviction relief and habeas corpus" arose in Johnson and Sullivan counties. Venue for this action, therefore, is not proper in this judicial district.

Normally, the Court would consider transferring the case to the proper district to cure a defect in venue. However, a prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

Nowhere in the Complaint does the Plaintiff assert that he has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the Plaintiff's claims are not yet cognizable in a § 1983 action.

To cure improper venue, a district court *shall dismiss* the case, except in those instances when the interest of justice would be better served by a transfer. 28 U.S.C. § 1406(a). The decision to cure a defect in venue with either dismissal or a transfer is a matter left solely within the sound discretion of the district court. First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). Given the apparent futility of a transfer, the Court hereby **DISMISSES** the instant action without

---

[1] Bristol, Tennessee, where some of the defendants reside, is located in Sullivan County.

3

prejudice. 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to forward a copy of this order to the Warden of the Trousdale Turner Correctional Center to ensure that the custodian of inmate accounts complies with the requirements of the Prison Litigation Reform Act.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE